HEIRS OF CAYERE, Plaintiffs and Appellants, v. RAYMUNDA MONELL ET AL., Defendants and Appellees.

No. 4461. Argued November 13, 1929.—Decided May 22, 1930.

*González Fagundo & González Jr., E. H. F. Dottin, Juan B. Soto
and A. García Veve,* for appellants. *Arturo Aponte, F. Gallardo
and A. Barceló Jr.,* for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

The purpose of this appeal is to obtain a reversal of the judgment of the lower court in so far as the same failed to declare the nullity of a power of attorney and of a deed, whereby the attorney-in-fact sold a portion of a certain property.

Sometime during the early part of 1920 the spouses Elías Quiñones and Raymunda Monell executed a mortgage deed on a property of 181 acres in favor of Julio Cayere, to secure a loan of $13,000 which he had made to them. At that time the property was not recorded in the registry of property in the name of the mortgagors. At the end of the following year, the said spouses executed a power of attorney in favor of their son, Evaristo Rafael Quiñones, to represent them, and on February 2, 1922, the latter, acting in that capacity,

sold to Zalduondo & Gómez, a civil partnership, 100 acres out of the said property for the price of $6,000, and, after stating in the deed that he held the parcel conveyed under a lease, which was to expire in June, 1926, at an annual rent of $800, in his representative capacity he constituted a mortgage on the remaining 81 acres in favor of Zalduondo & Gómez, to secure the payment of the said rent. At that time the property was still unrecorded in the name of his principals. Several days later, to wit, on February 28 of the same year, Cayere filed an action of debt to recover the principal amount of the loan together with the unpaid interest accrued thereon. On the same day, he presented for record in the registry of property the mortgage deed in his favor, but the record was denied on the 15th of the following March on the ground that the mortgaged property was not recorded in the name of the mortgagors, and a cautionary notice in respect of the said mortgage was entered for 120 days. On the 18th of the following July, there was presented in the registry the ownership title of the Quiñones-Monell spouses together with the deed executed in favor of Zalduondo & Gómez, and on the 31st of that month the entire property and the sale of the 100-acre parcel thereof were recorded. On Augst 6, 1923, the mortgaged 181-acre tract was sold and adjudicated to Cayere in execution of the judgment entered in his action of debt against the said mortgagors. In September, 1923, Zalduondo & Gómez instituted foreclosure proceedings to recover the rent secured, but they afterwards dismissed the proceedings. Lastly the heirs of Julio Cayere brought the action, which has given rise to the present appeal, against Raymunda Monell, the heirs of Elías Quiñones, and Zalduondo & Gómez, seeking the annulment of the power of attorney executed by Elías Quiñones and his wife, on the ground that the former was mentally unbalanced at the time; also, of the deed evidencing the sale of the 100 acres and the mortgage on the remaining 81 acres in favor of Zalduondo & Gómez to secure the payment of the rent, on the ground

of fraud, as well as of the foreclosure proceedings instituted by the said partnership.

The defendants opposed the action. Zalduondo & Gómez alleged that they were innocent third persons, as they had acquired from one who had power to sell and they had no notice of any outstanding lien on the property. After a trial, judgment was rendered declaring the nullity of the lease and of the mortgage to secure it, but denying the nullity of the power of attorney and of the deed of sale of the 100 acres executed by the attorney-in-fact in favor of Zalduondo & Gómez.

An appeal from that judgment was taken by the heirs of Cayere, but only one of them, Julio Cayere, has appeared before this court to prosecute the appeal. The defendants did not appear.

In our opinion the lower court was justified in refusing to declare the nullity of the power of attorney executed by Elías Quiñones, since the evidence introduced by the plaintiff was extremely vague and indefinite as to the acts in general from which it might be concluded that he was mentally unbalanced, apart from the fact that none of the witnesses stated that he was suffering from that condition on the day of the execution of the power of attorney; on the contrary, the testimony of Dr. J. S. M. Pressly, which was believed by the trial judge, was clearly to the effect that he had attended Elías Quiñones as a physician for some thirteen years including his last illness, that he had died from acute prostatitis, and that his mental faculties had always been normal.

Let us now turn to the error assigned by reason of the refusal to declare the nullity of the sale of the 100 acres.

Elías Quiñones and his wife knew, of course, that they had mortgaged the 181-acre property to Julio Cayere, and perhaps their attorney-in-fact knew it also; but no evidence has been introduced tending to show that the partnership of Zalduondo & Gómez had knowledge of such mortgage. As

we have already stated, the property did not appear recorded in the name of Elías Quiñones and his wife either at the time they mortgaged it to Cayere or at the time their attorney-in-fact sold 100 acres thereof on February 2, 1922, to Zalduondo & Gómez, nor had Cayere's mortgage deed been presented in the registry at that time; but fraud is sought to be inferred from certain circumstances urged, such as that the deed of sale had been clandestinely executed (without any law or precedent being cited to us, nor are we aware of any, which would require a mortgage debtor to notify his creditor that he is going to sell wholly or partially the mortgaged property); that the purchaser did not take possession of the property (which in the present case was justified, because it was stipulated in the deed that the property was sold subject for a certain period to an existing lease); that the price of $6,000 for the 100 acres was inadequate because a witness for the plaintiff had appraised the 181 acres at $20,000 (a question which, as a general rule, raises no presumption of fraud, as held by us in *Sabalier* v. *Iglesias*, 34 P.R.R. 339); and, lastly, that the sale in question involved the alienation of all the property owned by the mortgagor Elías Quiñones (which is not so, since he still had 81 acres left to him, mortgaged, it is true, but the mortgage could be annulled and was annulled). He had also left to him the proceeds from certain sugar cane and cattle. In *Ana María Sugar Co.* v. *Castro*, 28 P.R.R. 225, we have held that fraud must be clearly established by strong proof or by proof beyond a doubt and that it can never be a matter of conjecture.

There remains the last argument made in support of the contention that there was fraud. It rests on the case of *Santini Fertilizer Co.* v. *Burgos*, 34 P.R.R. 830, holding that, if the notary does not certify to the payment of the purchase price in his presence, the presumption arises that the conveyance was voluntary unless it be shown that the price was actually delivered, and that a voluntary conveyance made while the vendor is indebted to others raises the presumption

of fraud. This court has indeed so held, but such presumption has been overcome in the present case, inasmuch as Diego Zalduondo Veve, one of the partners of Zalduondo & Gómez, testified at the trial that he had no knowledge of Cayere's mortgage, otherwise he would not have purchased the property, and that he was offered the property for $8,000 and afterwards purchased it for $6,000; which testimony, in view of the reputation of the witness for honesty, led the lower court to conclude that a certain price (*precio cierto*) figured in the transaction. The trial court, therefore, held that the conveyance was not a voluntary one, but supported by a consideration. The fact that the court declared the nullity of the lease and of the mortgage securing the rent, on the ground that these transactions were simulated, can not affect the sale evidence by the same deed, since Zalduondo & Gómez confined themselves to accepting therein the statements of the attorney-in-fact of Elías Quiñones as to the existence of the lease, which was sought to be secured by a mortgage; nor is it ground for overcoming the conclusion reached by the lower court in regard to the testimony of Diego Zalduondo, the fact that the trial judge states somewhere in his opinion that Elías Quiñones owned other properties independently of the one involved herein—which is true—while stating elsewhere in the same opinion that he did not own any.

The appellant further contends that the cautionary notice with respect to the mortgage became a final record when the ownership title of Elias Quiñones was recorded. However, when that title was presented, on July 18, the period of 120 days allowed by the cautionary notice in favor of Cayere had already elapsed, and this court has held in *Alvarez* v. *Quilinchini*, 24 P.R.R. 194, that a lapsed entry can not invalidate the civil rights of a third person.

Another ground of appeal urged is that the lower court erred in not holding that the agent Evaristo Rafael Quiñones

had no authority to execute a mortgage under the power of attorney granted in his favor; but we need not consider this assignment, as the trial court held that the contract of lease and the mortgage executed to secure it are void.

The judgment appealed from must be affirmed.